UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cory David Latour, | No. 2:23-cv-01953-KJM-CKD |
| Petitioner, | ORDER |
| v. | |
| Stockton Police Department et al., | |
| Respondents. | |

Petitioner seeks permission from the court to reopen this prisoner civil rights action filed under 42 § USC 1983. *See* Mot., ECF Nos. 16–17. The court construes this request as a motion to reconsider. For the reasons set forth below, the court **denies** petitioner's motion.

Petitioner, a state prisoner proceeding pro se, filed a civil rights action on September 11, 2023. *See* Compl., ECF, No. 1. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge dismissed petitioner's complaint for failure to state a claim but allowed petitioner to submit an amended complaint. See Order (Jan. 5, 2024), ECF No. 9. The Magistrate Judge ordered petitioner to "file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of practice" within thirty days. *Id.* at 2–3. Petitioner did not file an amended complaint in the ordered timeframe. On February 14, 2024, the Magistrate Judge recommended the case be dismissed without prejudice because the plaintiff had failed to file an amended

1 complaint.  *See* F&R, ECF No. 13.  The court adopted the Findings and Recommendations and
2 issued a judgment on April 3, 2024.  ECF Nos. 14–15.  On October 15, 2024, petitioner submitted
3 a response to the judgment and an amended complaint.  ECF Nos. 16–17.

4       Where, as here, the court's ruling has resulted in a final judgment or order, a motion for
5 reconsideration is appropriately brought under either Federal Rule of Civil Procedure 59(e) or
6 Rule 60(b).  *Fuller v. M.G. Jewelry*, 950 F. 2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v.*
7 *Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989)).  A motion is construed as a motion to alter or amend
8 judgment under Federal Rule of Civil Procedure 59(e) if it is filed no later than 28 days after the
9 entry of the judgment.  *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d
10 892, 898-99 (9th Cir. 2001).  Because petitioner's motion for reconsideration was filed more than
11 28 days after the court issued the final judgment, this court construes petitioner's request for
12 reconsideration under Rule 60(b).

13       Rule 60(b) permits a district court to relieve a party from a final judgment or order for
14 "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  However, the moving party must
15 show "extraordinary circumstances justifying the reopening of a final judgment," *see Gonzalez v.*
16 *Crosby*, 545 U.S. 524, 535 (2005), and the motion "must be made within a reasonable time."
17 Fed. R. Civ. P. 60(c)(1).  To prevail, the Ninth Circuit holds a party "must demonstrate both
18 injury and circumstances beyond his control that prevented him from proceeding with the action
19 in a proper fashion." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal citation and
20 quotations omitted).  Further, under Local Rule 230(j) a moving party must state, "what new or
21 different facts or circumstances are claimed to exist which did not exist or were not shown upon
22 such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 230(j)(3)–(4).

23       Here, petitioner does not offer any plausible reasons for the tardiness of his submission or
24 plausible altered facts or circumstances that did not exist upon the filing of earlier motions.

25       Accordingly, petitioner's motion for reconsideration is denied.  No further documents will
26 be accepted for filing in this closed action.

27 /////
28 /////

2

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion is denied; and

2. No further documents will be accepted for filing in this closed action.

This order resolves ECF Nos. 16–17.

IT IS SO ORDERED.

DATED: October 23, 2024.

UNITED STATES DISTRICT JUDGE

3